IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>$26,226.00 IN U.S. CURRENCY,<br>**Defendant.** | CIVIL NO. 19- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico and Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief Civil Division, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1), 881(a)(6), and Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 1957(a).

DEFENDANT IN REM

2. The defendant currency seized by an officer of the Drug Enforcement Administration ("DEA"), consists of $26,226.00 in U.S. currency.

1

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 21, United States Code, Sections 841(a)(1), 881(a)(6), and Title 18, United States Code, Sections 1956(a)(1) (B)(i), and 1957(a).

4. This Court has in rem jurisdiction over the defendant currency pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant currency is found in this district).

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant currency is found in this district).

BASIS FOR FORFEITURE

6. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 841 (Unlawful acts) and 881(a)(6) (all moneys, negotiable, instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this chapter), and Title 18, United States Code, Sections 1956 (Laundering of monetary instruments), and 1957 (Engaging in monetary transactions in property derived from specified unlawful activity).

FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the Drug Enforcement Administration ("DEA"), Task Force Officer, Francisco Javier Lebrón-De Alba attached hereto, and incorporated herein as if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 24th day of January, 2019.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

s/Héctor E. Ramírez-Carbó
Héctor E. Ramírez-Carbo
Assistant U.S. Attorney
Chief Civil Division
USDC-PR-NO. 214902
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Hector.E.Ramirez@usdoj.gov

VERIFIED DECLARATION

I, Héctor E. Ramírez-Carbó, Assistant U.S. Attorney, Chief Civil Division for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the Drug Enforcement Administration ("DEA"); that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 24th day of January, 2019.

s/Héctor E. Ramírez-Carbó
Héctor E. Ramírez-Carbo
Assistant U.S. Attorney
Chief Civil Division


VERIFIED DECLARATION

I, Francisco Javier Lebrón-De Alba, Task Force Officer (TFO), DEA, declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 24 day of January, 2019.

Francisco Javier Lebrón-De Alba, TFO
Drug Enforcement Administration ("DEA")

4

**UNSWORN DECLARATION
IN SUPPORT OF FORFEITURE COMPLAINT**

**INTRODUCTION**

Pursuant to Title 28, United States Code, Section 1746, I, Francisco Javier Lebron-De Alba, Task Force Officer (TFO), of the United States Department of Justice, Drug Enforcement Administration, declare under penalty of perjury that the foregoing is true and correct:

I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7). I am, therefore, an officer who is empowered to conduct criminal investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section, 2516.

I have been a Task Force Officer with the Drug Enforcement Administration for over six years. As a Task Force Officer, I have been sworn to enforce the laws of Title 21, United States Code, and related offenses under Title 18, United States Code. I have received different trainings with DEA in different States during the past six years. In addition, I have served 23 years with the Puerto Rico Police Department. I am currently assigned to the Airport Investigations and Tactical Team (AirTAT) Caribbean Division, San Juan, PR Office.

During my law enforcement career, I have received detailed instruction in and conducted various complex conspiratorial investigations concerning the unlawful importation and distribution of controlled substances; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

1

## PROPERTY TO BE FORFEITED

$26,226.00 IN U.S. CURRENCY

## BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

I make this unsworn declaration, on information and belief derived from the following source:

1. On September 6, 2018, Drug Enforcement Administration (DEA) Caribbean Division (CD) Airport Investigations and Tactical Team (AirTAT) Agents (hereinafter Agents) were conducting routine interdictions at the Luis Munoz Marin International Airport (LMMIA) located in Carolina, Puerto Rico (PR).

2. On the same date, while checking the JetBlue Inbound Flight 1233 from Orlando, Florida (FL) to San Juan, Puerto Rico, AirTAT Agents Task Force Officers (TFO) Carlos J. Gonzalez-Sotomayor and Hector Tapia began a consensual encounter with Hector Luis JIMENEZ-Rodriguez, and identified themselves as law enforcement officers.

3. TFO Gonzalez proceeded to ask if he was transporting any contraband to include explosives, firearms, knives, controlled substances, prescribed medication or large amounts of United States Currency (USC). JIMENEZ-Rodriguez answered no to all the questions made by TFO Gonzalez. TFO Gonzalez asked JIMENEZ-Rodriguez if he consented to a dog sniff of his black hand bag registered under his name and a male purse that he was carrying, JIMENEZ-Rodriguez consented. JIMENEZ-Rodriguez told agents that they could check his black hand bag if they wanted to. JIMENEZ-Rodriguez told agents that he did not have anything illegal in his black hand bag.

4. Prior to Agents checking JIMENEZ-Rodriguez's black bag, a Puerto Rico Police Department (PRPD) canine (K-9) "BLUE", handled by PRPD Agent Maldonado was passed around JIMENEZ-Rodriguez's black hand bag. K-9 Blue alerted positive to odor of narcotics emanating from JIMENEZ-Rodriguez's black hand bag. TFO Gonzalez asked JIMENEZ-Rodriguez if he consented to a search of his black hand bag. JIMENEZ-Rodriguez gave verbal consent TFO Gonzalez, as witnessed by TFO Tapia, to search his Black Hand bag. In addition, the K-9 alerted on the money itself.

5. On the same date TFO Gonzalez, proceeded to search JIMENEZ-Rodriguez's black hand bag and encountered a large sum of United States Currency concealed inside of the pockets of a pair of black jean pants inside of JIMENEZ-Rodriguez's black hand bag. TFO Gonzalez also checked JIMENEZ-Rodriguez's black male purse and found $800.00 in USC. TFO Gonzalez immediately asked JIMENEZ-Rodriguez how much money was concealed in his black hand bag. JIMENEZ-Rodriguez responded that he did not know and suddenly stated approximately $1,000.00 USC and $800.00 in USC in the male purse. TFO Gonzalez asked JIMENEZ-Rodriguez if he would accompany him to a secure location for further questions. JIMENEZ-Rodriguez agreed to accompany Agents. TFO Gonzalez informed JIMENEZ-Rodriguez that he was not under arrest and could leave whenever he wanted to.

6. Agents asked JIMENEZ-Rodriguez where he was coming from. JIMENEZ-Rodriguez stated he was coming from Orlando, FL. Agents then asked JIMENEZ-Rodriguez where he resided. JIMENEZ-Rodriguez stated that he lived in Davenport, FL. Agents asked JIMENEZ-Rodriguez how long he would be staying in Puerto Rico. JIMENEZ-Rodriguez stated he would be staying a few days, possibly for three (3)

days. Agents asked JIMENEZ-Rodriguez what his purpose was for visiting Puerto Rico. JIMENEZ-Rodriguez stated that he was in Puerto Rico to visit maybe friends and family. Agents asked JIMENEZ-Rodriguez where he would be staying in Puerto Rico. JIMENEZ-Rodriguez stated that he would maybe stay in his family's house, but he did not know for sure. TFO Lebron-De Alba asked JIMENEZ-Rodriguez when he bought the boarding pass. JIMENEZ-Rodriguez stated that he bought it the day before traveling; with a Bank of America card and paid $201.00 in USC JIMENEZ-Rodriguez stated to the agents that he is a warehouse's employee for Walmart Company. TFO Lebron-De Alba asked JIMENEZ-Rodriguez if he had the boarding pass transaction receipt with him or elsewhere. JIMENEZ-Rodriguez sated that he did not have the transaction receipt.

7.     TFO Lebron-De Alba asked JIMENEZ-Rodriguez when he would be departing Puerto Rico. JIMENEZ-Rodriguez stated that he was going to stay for three (3) days. TFO Lebron-De Alba asked JIMENEZ-Rodriguez where the money originated from. JIMENEZ-Rodriguez stated that he had been saving for the last two (2) years and had been taking the money little by little from the bank. TFO Lebron-De Alba asked JIMENEZ-Rodriguez if he could provide any documentation of the mentioned transactions and JIMENEZ-Rodriguez said no. Then JIMENEZ-Rodriguez changed his story again and stated that he wanted the money to buy a car in Puerto Rico and transport it to the US, so he could sell it there. TFO Lebron-De Alba asked JIMENEZ-Rodriguez what kind of car he was going to buy. JIMENEZ-Rodriguez stated that he did not know what kind of car, make, model, year or color he would buy. TFO Lebron-De Alba asked JIMENEZ-Rodriguez again, how much money he had in total between the black hand bag and the male purse. This time JIMENEZ-Rodriguez stated that he

had between $15,000.00 and 25,000.00 in USC, but he did not know for sure. TFO Lebron-De Alba asked JIMENEZ-Rodriguez why he lied to them. JIMENEZ-Rodriguez stated that he did not want to lose his money and that is the reason why he lied to the agents.

8. TFO Lebron-De Alba asked JIMENEZ-Rodriguez if he has ever had any problems with the law. JIMENEZ-Rodriguez stated that he was arrested in Florida. TFO Lebron-De Alba asked JIMENEZ-Rodriguez what he was arrested for. JIMENEZ-Rodriguez detailed he was arrested for fleeing from the Police and resisting arrest. TFO Lebron-De Alba asked JIMENEZ-Rodriguez who he was arrested by JIMENEZ-Rodriguez stated he was arrested by the Florida Sheriff Department, but his case was dismissed.

A Criminal Records Check indicates that JIMENEZ-Rodriguez was arrested for the following felonies in Florida:

- First charge resisting officer (flee elude Law enforcement officer (LEO)).

- Moving traffic violation second degree (operate motorcycle without licenses).

- Resisting officer third degree (flee elude Law enforcement officer (LEO)).

9. On the same date, Agents seized $26,226.00 USC from JIMENEZ-Rodriguez.

10. Agent found that JIMENEZ-Rodriguez cellphone was involved in other DEA ongoing active investigations.

This Unsworn Declaration is submitted in support of a Complaint for Forfeiture in Rem, which involves the offenses detailed in Section 881(a)(6) of Title 21, United States Code, particularly the all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemical in violation of the subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter. Therefore, I have not set forth each and every fact learned during the course of this investigation.

Based upon my training and experience, participation in other investigations, and facts concerning this investigation, I believe that sufficient probable cause exits to show that there is present material evidence of a commission of a violation of a Federal Law to wit: drug traffickers in utilizing a mail/parcel service to smuggle or transport illicit drug proceeds demonstrates probable cause to Forfeit the $26,226.00 in U.S. Currency, violations of Title 21, United States Code, Sections 841(a)(1) , 881(a)(6)  and money laundering schemes, Title 18, United States Code, Sections 1956 (a) (1) (B)(i) and 1957 (a).

Sworn and signed under penalty of perjury, pursuant to Title 28, United States Code, Section 1746, in San Juan, Puerto Rico this 24th of January, 2019.

Francisco J. Lebrón, Task Force Officer
Drug Enforcement Administration ("DEA")

6

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
US v. $26,226.00 in U.S. currency

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Héctor E. Ramírez-Carbó, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | PERSONAL INJURY | | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 365 Personal Injury - Product Liability | LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | PERSONAL PROPERTY | ☐ 720 Labor/Mgmt. Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 370 Other Fraud | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 371 Truth in Lending | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 380 Other Personal Property Damage | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 385 Property Damage Product Liability | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | Habeas Corpus: | FEDERAL TAX SUITS | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Additional forfeiture item checked: ☒ 690 Other

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 21, United States Code, Sections 841(a)(1), 881(a)(6), and Title 18, United States Code, Sections 1956 (a) (1) (B)(i), and 1957 (a).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/24/2019
SIGNATURE OF ATTORNEY OF RECORD: S/ Héctor E. Ramírez-Carbó

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v. $26,226.00 in U.S. currency.

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE — CIVIL FORFEITURE
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   ☐ YES   [X] NO

(Please Print)

USDC ATTORNEY'S ID NO.: 214902

ATTORNEY'S NAME: HECTOR E. RAMIREZ-CARBO

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY   PR   ZIP CODE 00918

TELEPHONE NO.: 787-766-5656